# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| AHMAD BARTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV419-017 ) |
| HAI FENG 1710 DESIGNATED and HAPAG-LLOYD AG, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is defendants' Motion for Joinder of Person Needed for Just Adjudication. Doc. 22. Plaintiff has indicated that he does not object. Doc. 23. For the following reasons, the motion is **GRANTED**.

Plaintiff sued defendants for injuries he sustained while working as a longshoreman in the Port of Savannah. Doc. 1. Defendants seek to join plaintiff's wife Dawn Barton pursuant to Federal Rule of Civil Procedure 19(a)(1)(B)(ii) because her potential claims for loss of consortium may leave defendants open to "a substantial risk of incurring

double, multiple or otherwise inconsistent obligations."[1] Generally, a loss of consortium claim in Georgia is derivative and may be brought either with the personal injury claims of the spouse or independently. *See, e.g., Parrish v. Ford Motor Co.*, 2008 WL 11350091, at *3-4 (S.D. Ga May 21, 2009) (noting that there is nothing impermissible in bringing a loss of consortium claim separately). However, courts have allowed the joinder of a non-party holding a potential loss of consortium claim where such joinder was necessary to protect defendants from inconsistent judgments. *See Bessinger v. Mulvaney*, 2015 WL 2084617, at *1 (M.D. Ga. May 5, 2015) (*quoting Stapleton v. Palmore*, 297 S.E.2d 270 (1982) ("Therefore, where a personal injury plaintiff fails to join his or her loss of consortium spouse, the defendant who desires to be protected against inconsistent obligations should do so.")). Defendants assert that Ms. Barton is subject to service in this district and that the joinder of her potential loss of consortium claims will not deprive the Court of subject matter jurisdiction. Doc. 22 at 3.

---

[1] Under Fed. R. Civ. P. 19(a)(1), "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: . . . (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: . . . (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

To avoid the potential for duplicative lawsuits, the Court determines that joinder of Ms. Barton's loss of consortium claims is appropriate. She is subject to service of process and her joinder will not divest the Court of subject matter jurisdiction. Her joinder will assure complete relief and eliminate the risk of defendants incurring inconsistent obligations. Defendants are **DIRECTED** to serve Ms. Barton with a copy of this Order along with copies of all previously filed pleadings in this case and to file proof of service with the Court.

**SO ORDERED,** this 14th day of November, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA